IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:14-CV-187-F

| | | |
|---|---|---|
| SCOTTSDALE INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| B & G FITNESS CENTER, INC., THOMAS | ) | |
| G. OWENS, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on (1) the Motion to Dismiss or Strike Counterclaim [DE-12], filed by Plaintiff Scottsdale Insurance Company (hereinafter "Scottsdale") and (2) the Motion to Dismiss [DE-22], filed by defendant B&G Fitness Center Inc. (hereinafter "B&G"). All motions are fully briefed and therefore are ripe for ruling. For the reasons stated below, (1) the Motion to Dismiss or Strike Counterclaim is DENIED and (2) the Motion to Dismiss is DENIED.

I.  **FACTUAL AND PROCEDURAL HISTORY**

B&G Fitness is currently being sued by five individuals in two separate lawsuits. The allegations in those underlying suits are that a B&G employee, Thomas G. Owens, installed cameras in the tanning bed area of the fitness center and recorded female patrons undressing. The underlying complaints allege that Owens did this for more than a year and had compiled recordings of more than 120 women. Am. Compl. [DE-10] at ¶ 22. Ms. Neely Pool filed suit on May 1, 2014 (this action is hereinafter referred to as the "Pool Lawsuit"). *Id.* at ¶ 5. Her claims against B&G include invasion of privacy, intentional infliction of emotional distress,

negligent infliction of emotional distress, and negligence. *Id.* at ¶ 24. Ms. Barbie Crews, Ms. Krystal Hatchel, Ms. Sheila Sanderson, and Ms. Kimberly Farmer filed suit based on similar factual allegations on October 6, 2014 (this action is hereinafter referred to as the "Crews Lawsuit"). *Id.* at ¶ 6. B&G's commercial liability insurance is provided by Scottsdale. *Id.* at ¶¶ 4, 11.

Plaintiff Scottsdale filed this action, seeking a declaration that the insurance policy it provided B&G excludes coverage for any liability resulting from the Crews or Pool lawsuits. *Id.* at ¶ 32. Scottsdale cites the following reasons as to why the policy excludes coverage: (1) no "bodily injury" resulted from the recording; (2) no "personal and advertising injury" resulted from the recording; (3) Owens was acting outside the scope of his employment; (4) Owens's actions were criminal misconduct; (5) the policy specifically excludes claims for sexual or physical abuse; and (6) the policy specifically excludes claims for recording and distributing material or information in violation of the law. *Id.* at ¶ 33. For these reasons, Scottsdale contends that it is not obligated to provide B&G with defense or indemnity for the Pool or Crews lawsuits. *Id.* at ¶ 35.

The Crews lawsuit and the Pool lawsuit have not yet resulted in judgments. *See* Scottsdale Response in Opposition [DE-25] at 5. Scottsdale is currently defending B&G in both suits, subject to a reservation of rights under the policy. Am. Compl. [DE-10] at ¶ 7. B&G has filed a counterclaim in this matter, seeking judgment that the policy issued by Scottsdale provides B&G a defense for both the Crews lawsuit and the Pool lawsuit and indemnity for any judgment resulting from the pending suits. *See* Def.'s Ans. & Countercl. [DE-11]. Two motions are pending before this court. Scottsdale has filed a motion to strike or dismiss B&G's counterclaim, arguing that the counterclaim is wholly redundant of Scottsdale's claim for

2

declaratory judgment. B&G has filed a motion to dismiss the suit, arguing that by not joining the Crews or Pool plaintiffs to this action, Scottsdale has failed to join a "necessary and indispensable party."

## II.     DISCUSSION

### A.     Scottsdale's Motion to Dismiss or Strike

Courts may strike or dismiss counterclaims which are redundant to claims presented in the Complaint. *See* Fed. R. Civ. P. 12(f). Redundant counterclaims are factually identical to the claims presented by the plaintiff; disposition of the claims presented by plaintiff will render a redundant counterclaim moot. *See Superior Performers, Inc. v. Ewing*, 1:14-CV-232, 2015 WL 3823907, at *3 (M.D.N.C. June 19, 2015). In evaluating whether a counterclaim is redundant, courts must consider if the defendant's interests are adequately protected without the counterclaim. 6 Charles Alan Wright & Arthur Miller, *Federal Practice and Procedure* § 1406 (3d ed. 2015). If there is any doubt about a counterclaim's redundancy, courts should exercise an abundance of caution by retaining the counterclaim. *Id.* This is particularly true at the pre-trial stage, as the redundancy of a claim can be difficult to ascertain without a trial. *Id.* Courts have refused to dismiss or strike counterclaims until it is certain the counterclaim is wholly redundant of the main claim. *See id.* Here, Scottsdale argues that B&G's counterclaim is wholly redundant of Scottsdale's declaratory judgment claim. *Id.*

In *Superior Performers v. Ewing*, the plaintiff brought suit seeking, among other things, to enforce restrictive covenants in agreements signed with the various defendants. 2015 WL 3823907 at *3. The defendants counterclaimed for declaratory judgment, asking the court to rule the covenants void and unenforceable. *Id.* The district court acknowledged that the claims were likely redundant, but denied the motion to dismiss. In making that decision, the court noted the

3

early stage of the litigation and the possibility that the defendants' declaratory judgment claims might raise additional or differing issues. *See id.*

The instant case is very factually similar to the facts in *Superior Performers*. The court acknowledges that B&G's counterclaim is likely redundant to Scottsdale's claims. Nevertheless, there is still the possibility that the counterclaim will raise different or additional issues. Furthermore, it is still early in the litigation. Maintaining the counterclaim at this stage allows both parties to be fully heard and protects the interests of both sides. Accordingly, Scottsdale's Motion to Dismiss or Strike [DE-12] is DENIED.

**B.    B&G's Motion to Dismiss**

An action can be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(7) for failure to join an indispensable party under Rule 19. Determining if a pending action should be dismissed for failure to join an indispensable party involves a two-step inquiry: (1) the party must be "necessary" pursuant to Rule 19(a) and (2) the necessary party cannot be joined and the party is determined to be "indispensable" pursuant to Rule 19(b). *See* Fed. R. Civ. P. 19. The movant bears the burden of showing that the third party claimants are necessary and indispensable parties to the action. *North Carolina Piping & Promotional Fund v. Johnson Controls, Inc.*, 1:11-CV-248, 2014 WL 689776, at *2 (M.D.N.C. Feb. 20, 2014) (quoting *Am. Gen. Life & Acc. Ins. Co. v. Wood*, 429 F.3d 83, 92 (4th Cir. 2005)). The evaluation of whether a party is necessary or indispensable is not a formulaic one; rather, it is an individualized decision a court makes based on the factors presented in each case. *Id.* (quoting *Teamsters Local Union No. 171 v. Keal Driveway Co.*, 173 F.3d 915, 918 (4th Cir. 1999)).

In order to be necessary under Rule 19, a party must fall into one of two categories. First, the party may be necessary because in the party's absence, complete relief cannot be granted. *See*

4

Fed. R. Civ. P. 19(a)(1)(A). Second, the party may be necessary because the absent party claims an interest relating to the action and (a) disposing of the action could result in impeding the absent party's ability to protect their interest, or (b) disposing of the action could result in an existing party incurring multiple or inconsistent obligations. Fed. R. Civ. P. 19(a)(1)(B). If a party is found to be necessary, the party should be joined to the suit, if feasible. *See id.* If the party is necessary and joinder is not feasible, then the court moves on to the second step of the inquiry: determining whether the party is indispensable. *See id.*

B&G argues that the Crews and Poole Plaintiffs are necessary and indispensable parties to this action. However, the Crews and Poole Plaintiffs do not meet the criteria for either category of Rule 19 necessary parties. As a preliminary matter, the third party claimants are not necessary under Rule 19(a)(1)(A) because they are not necessary for complete relief to be granted in this action, nor have the parties made any argument to that effect. B&G argues only that the Crews and Pool plaintiffs are necessary under Rule 19(a)(1)(B)(i), because they claim an interest in the action, and their interest is impeded by their nonjoinder.

As discussed below, the court finds that the Crews and Pool plaintiffs are not necessary under Rule 19(a)(1)(B)(i) for three reasons: (1) B&G has failed to show the third party claimants have claimed an interest in this action, (2) the third party claimants have no legally cognizable interest in this action, and (3) any interest the third party claimants could have is not impeded by nonjoinder because it is protected by B&G's position in the action. Because the third party claimants are not necessary parties, there is no need to determine if they can be feasibly joined, or if they are indispensable parties.

### 1. Claimed Interest

The parties sought to be joined must claim an interest in the pending declaratory judgment action. Defendant bears the burden in showing that the third party claimant claims this interest. *See Am. Gen. Life and Acc. Ins. Co.*, 429 F.3d at 92 (citing 7 Charles Alan Wright, Arthur R. Miller and Mary Kay Kane, *Federal Practice and Procedure* § 1609 (3d ed. 2001)). B&G is not allowed to assert an interest for the third party claimants; it is they who must claim their interest. *See Barnhardt v. Scottsdale Ins. Co.*, 1:13CV637, 2014 WL 98803, at *3 (W.D.N.C. Jan 9, 2014). B&G has offered nothing to suggest that the third party claimants have any interest in being part of this action. However, assuming for the sake of argument that the absent parties claim an interest in this declaratory judgment action, it would not alter the fact that they have no legally cognizable interest in this action.

### 2. Legally Cognizable Interest

The third party claimants in this action are, at best, incidental beneficiaries to the insurance contract at issue. North Carolina case law has established that without being parties to the contract at issue, or having some other legally enforceable right under the contract (for example, a judgment against the insured) incidental beneficiaries lack standing to have the insurance contract construed.[1] *See Whittaker v. Furniture Factory Outlet Shops*, 145 N.C. App 169, 172, 550 S.E.2d 822, 824 (2001). Courts have held that the financial interest incidental beneficiaries might have in a declaratory judgment action is not a recognized legal interest that would make the absent party "necessary." *See Scottsdale Ins. Co. v. RSE Inc.*, 303 F.R.D. 234, 237 (E.D. Pa. 2014) ("Though as a practical matter the injured third parties' recovery here may

---

[1] This court's subject matter jurisdiction is based on diversity jurisdiction, thus the court applies the federal procedural rules of joinder, but state substantive law informs the relevant interests of third parties. *See County of Brunswick v. Bond Safeguard Ins. Co.*, 2013 WL 663720, at *2 (E.D.N.C. Feb. 2, 2013) (Citing *Erie Co. v. Tompkins*, 304 U.S. 7880 (1938)).

6

be affected by RSE's insurance coverage from Scottsdale—or lack thereof—that is exactly the type of financial, not legal, interest of an unnamed party that Rule 19 does not consider").; *Terrell v. Lawyers Mut. Liability Ins. Co. of North Carolina*, 131 N.C. App. 655, 661, 507 S.E.2d 923, 926-27 (1998).

For example, in *Whittaker* the plaintiff brought suit against an insurer when his motorcycle, which he had loaned to the insured as a display item, was stolen out of the store window. 145 N.C. App at 171, 550 S.E.2d at 823. The insurer argued that the theft was not a covered loss because the policy excluded theft of any item "subject to motor vehicle registration." *Id.* The court never reached the merits of the argument because it held that the plaintiff had no standing to sue the insurer directly for two reasons: (1) the plaintiff was not a party to the insurance contract between the insured and insurer, (2) the plaintiff had not yet received a judgment against the insured. Because the plaintiff was not a party to the contract and had no enforceable rights under the contract, the court held that he had no legal right to petition the court to interpret the policy. *Id.* at 174, 550 S.E.2d at 825.

The present case is factually similar to *Whittaker*. The third party claimants are not parties to the insurance contract. The third party claimants have not yet received a judgment against B&G. Although B&G contends that in another case within this district, *Scottsdale Ins. Co. v. Children's Home Soc. of North Carolina, Inc.*, 5:12-CV-81-FL, Scottsdale named as defendants in a declaratory judgment action both its insured and the plaintiff in the underlying lawsuit, the court finds that case to be distinguishable. In that case, the plaintiff in the underlying lawsuit had reached a judicially approved settlement with the insured. *See Scottsdale Ins. Co. v. Children's Home Soc. Of North Carolina, Inc.*, 5:12-CV-81-FL, 2013 WL 749817, at *1 (E.D.N.C. Feb. 27, 2013). Without having obtained a judgment or settlement against B&G, the

third party claimants have no legal rights under the insurance contract. Because the third party claimants lack a recognized legal interest in this action, they cannot be necessary parties. Furthermore, even if the third party claimants had a legally cognizable interest in this action, defendant's motion would still fail because their interest is protected by B&G's position in the action, for the reasons discussed below.

### 3. Collateral interest protected by B&G's interest in the action.

The Rule 19(a) inquiry does not require joinder of a party merely because they have a claimed interest in the suit; the movant must also show that, because the third party is not joined, either the absent party is unable to protect their interest or one of the existing parties is at risk for multiple or inconsistent obligations. *See* Fed. R. Civ. P. 19(a)(1)(B). Neither one of these situations is present here. First, B&G does not argue that Scottsdale or B&G will face inconsistent judgments without the joinder of the third party claimants. Second, the court does not agree with B&G's assertion that the third party claimants are unable to protect their interest in this suit without being joined.

The instant suit is a declaratory judgment action in which both sides ask the court to determine Scottsdale's obligations and B&G's rights under the insurance policy. B&G's position in this action is that its insurance policy, provided by Scottsdale, provides B&G both defense and indemnity in the pending Crews and Pool Lawsuits. *See* Defendant's Answer [DE-11]. The court has denied Scottsdale's request to strike or dismiss B&G's counterclaim to ensure that B&G's interests in construing the policy are fully represented.

Although B&G argues that the third party claimants' interest in this action will be impeded by their absence, the court disagrees. When the insured was not actively defending the lawsuit, courts have held the injured third parties interest was not protected. *See American*

8

*Standard Ins. Co. of Wisconsin v. Rogers*, 123 F. Supp. 2d 461, 467 (S.D. Ind. 2000) (holding that because the insured was subject to default judgement, the interests of the third party claimants were not protected and the third parties were therefore indispensable to the action). Where, as here, however, the insured is an active participant in the declaratory judgment action, "the insured's position protects the interest of the absent party because both parties want the insurance to be viable." *CFI Wis. Inc. v. Hartford Fire Ins. Co.*, 230 F.R.D. 552, 554 (W.D. Wis 2005).

In *CFI Wisconsin* a professional football player sued CFI, among other defendants, because a supplement the companies manufactured contained substances that caused the plaintiff to fail a random drug screening. 203 F.R.D. at 553. CFI, the insured, filed a declaratory judgment action against its commercial insurer, seeking a declaration that its insurance policy covered the football player's claims. *Id.* The insurer argued that the football player and the other defendants in the underlying action were necessary parties to the declaratory judgment action. *Id.* The court disagreed, reasoning that because the insured was seeking a declaration that the coverage was viable, the third party claimants' interest in the insurance coverage was protected. *Id.* at 554-55. This same logic applies to the instant case.

B&G is actively defending this lawsuit, and has asserted a counterclaim seeking a declaration that the commercial liability policy provides coverage for the claims asserted in the underlying lawsuits. If the third party claimants were joined to this action, presumably their position also would be that the policy issued by Scottsdale provides coverage for any judgment they may receive in their pending suits. Since B&G is already asserting that position, the third party claimants are in no way prejudiced by not being part of this action. Accordingly, the court finds that insofar as the third party claimants have any interest in this action, their interest is

9

adequately protected by B&G's defense of this suit. Because the Crews and Pool plaintiffs are not necessary parties within the meaning of Rule 19, B&G's Motion to Dismiss [DE-22] is DENIED.

### III. CONCLUSION

For the foregoing reasons, Plaintiff Scottsdale's Motion to Dismiss or Strike [DE-12] is DENIED, and Defendant B&G's Motion to Dismiss [DE-22] is DENIED. The Clerk of Court is DIRECTED to continue management of this case.

SO ORDERED.

This, the 3 day of July, 2015.

*James C. Fox*
JAMES C. FOX
Senior United States District Judge